RAYMOND NARDO, P.C.
55 Jericho Turnpike, Suite 205
Jericho, NY 11753
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Manoj Nair,

Plaintiff,

-against-

COMPLAINT
26-CV-6943

Sam's Surprises Inc., Subhash Gandhi,
and Sanam Gandhi a/k/a Sana Aracho,

Defendants.
-------------------------------------------------------------X

Plaintiff, Manoj Nair ("Plaintiff"), by counsel, Raymond Nardo, P.C., upon personal knowledge as to himself and upon information and belief as to all other matters, complaining of defendants, SAM'S SURPRISES INC., SUBHASH GANDHI, and SANAM GANDHI a/k/a SANA ARACHO, jointly and severally (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. This action seeks all available relief, including unpaid overtime compensation, liquidated damages, statutory damages, interest, attorneys' fees, and costs, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL").

2. For more than twenty-five years, Plaintiff worked as an office clerk in Defendants' wholesale cigarette and candy distribution business. Defendants required him to work approximately 54 hours every week, paid him a flat weekly salary in cash, and never paid him premium overtime pay for a single hour worked beyond 40 in a workweek.

3. Defendants also never furnished Plaintiff with the wage statements the NYLL requires, concealing the hours he worked, his regular and overtime rates of pay, and the overtime wages Defendants withheld from him.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's FLSA claim.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because SAM'S SURPRISES INC. maintains its principal place of business in this District, Plaintiff resides in this District, and the events giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

**Plaintiff**

8. Plaintiff is an individual residing in Hicksville, Nassau County, New York.

9. Defendants employed Plaintiff from in or about 1999 through November 6, 2025, when Defendants terminated his employment.

10. Defendants employed Plaintiff as an office clerk.

11. Plaintiff's duties consisted of processing accounts receivable and accounts payable, communicating with suppliers and customer accounts, communicating with New York State and New York City agencies concerning Defendants' tobacco permits, and answering telephones.

12. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), and the NYLL, §§ 190(2) and 651(5).

13. Plaintiff was not exempt from the overtime requirements of the FLSA or the NYLL.

**Defendants**

14. Defendant SAM'S SURPRISES INC. is a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 81-03 Northern Boulevard, Jackson Heights, New York 11372.

15. SAM'S SURPRISES INC. operates a wholesale cigarette and candy distribution business.

16. SAM'S SURPRISES INC. issued Plaintiff IRS Forms W-2 under the misspelled name "Sam's Suprises Inc."

17. SAM'S SURPRISES INC. is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). It has employees engaged in commerce or in the production of goods for commerce, and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including the cigarettes and candy it distributes, which move in interstate commerce. Upon information and belief, its annual gross volume of sales made or business done is not less than $500,000.

18. At all relevant times, SAM'S SURPRISES INC. was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, §§ 190(3) and 651(6).

19. Defendant SUBHASH GANDHI is an owner of SAM'S SURPRISES INC.

20. At all relevant times, SUBHASH GANDHI had and exercised the authority to hire and fire Plaintiff, assigned Plaintiff's work, supervised and controlled Plaintiff's work schedule and conditions of employment, and determined Plaintiff's rate and method of pay.

21. SUBHASH GANDHI set Plaintiff's weekly salary and paid Plaintiff his wages in cash.

22. SUBHASH GANDHI required that Plaintiff's work be submitted to him for approval.

23. At all relevant times, SUBHASH GANDHI was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, §§ 190(3) and 651(6), and is jointly and severally liable with SAM'S SURPRISES INC. for the violations alleged in this Complaint.

24. Defendant SANAM GANDHI a/k/a SANA ARACHO is an owner of SAM'S SURPRISES INC.

25. At all relevant times, SANAM GANDHI had and exercised the authority to hire and fire Plaintiff, assigned Plaintiff's work, supervised and controlled Plaintiff's work schedule and conditions of employment, and determined Plaintiff's rate and method of pay.

26. SANAM GANDHI set Plaintiff's weekly salary and paid Plaintiff his wages in cash.

27. SANAM GANDHI required that Plaintiff's work be submitted to him for approval.

28. At all relevant times, SANAM GANDHI was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, §§ 190(3) and 651(6), and is jointly and severally liable with SAM'S SURPRISES INC. for the violations alleged in this Complaint.

**DEFENDANTS' FAILURE TO PAY OVERTIME**

29. Throughout his employment, Plaintiff worked six days per week.

30. Plaintiff worked approximately 54 hours per week, including, by way of example, in the workweeks throughout calendar years 2023, 2024, and 2025.

31. Defendants paid Plaintiff a weekly salary of $1,115 gross.

32. Defendants paid Plaintiff weekly, in cash.

33. Defendants paid Plaintiff the same weekly salary although Plaintiff worked approximately 14 hours beyond 40 every week.

34. Plaintiff and Defendants never agreed that Plaintiff's weekly salary would compensate him for hours worked in excess of 40 per week.

35. Defendants never paid Plaintiff overtime compensation at one and one-half times his regular rate of pay for any hour worked in excess of 40 per week.

36. Based on a 40-hour workweek, Plaintiff's regular rate of pay was approximately $27.88 per hour, and his overtime rate of pay was approximately $41.81 per hour.

37. Defendants therefore underpaid Plaintiff approximately $585 in overtime compensation every week.

38. Plaintiff's work was clerical and routine. He recorded and processed receivables and payables, relayed communications to and from suppliers, customers, and government agencies, and answered telephones.

39. Defendants required that Plaintiff's work be approved by them. Defendants, not Plaintiff, made the decisions affecting the business.

40. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

41. At all times within the six years preceding the filing of this Complaint, the minimum weekly salary required for the executive and administrative exemptions in New York City under 12 N.Y.C.R.R. § 142-2.14(c)(4) was not less than $1,125. Plaintiff's weekly salary of $1,115 fell below that minimum at all such times.

42. Defendants knew that Plaintiff worked more than 40 hours per week. Defendants assigned his work, controlled his schedule, and observed his work.

43. Upon information and belief, Defendants failed to make, keep, and preserve accurate records of the hours Plaintiff worked, as required by 29 U.S.C. § 211(c), NYLL §§ 195(4) and 661, and 12 N.Y.C.R.R. § 142-2.6.

**DEFENDANTS' VIOLATIONS OF THE NEW YORK WAGE THEFT PREVENTION ACT**

44. NYLL § 195(3) requires employers to furnish each employee, with every payment of wages, a statement listing the dates of work covered by that payment; the name of the employee; the name, address, and telephone number of the employer; the rate or rates of pay and basis thereof; gross wages; deductions; allowances, if any; and net wages. For non-exempt employees, the statement must also list the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

45. Defendants never furnished Plaintiff with a wage statement. Each week, Defendants handed Plaintiff cash with no statement of any kind.

46. Because Defendants furnished no wage statements, Plaintiff had no document showing the hours he worked, his regular rate of pay, his overtime rate of pay, or the overtime hours for which he was owed premium pay.

47. An accurate wage statement would have disclosed approximately 54 hours worked each week, identified approximately 14 of those hours as overtime hours, and stated an overtime rate that Defendants never paid. Had Defendants furnished accurate wage statements, Plaintiff would have recognized the underpayment during his employment and would have demanded his overtime pay from Defendants at that time.

48. Defendants' failure to furnish wage statements concealed their overtime violations, delayed Plaintiff's discovery of the underpayment, and deprived Plaintiff of the use of wages he was

owed for far longer than if Defendants had complied with the law. That loss is a concrete monetary injury, separate from and in addition to the underpayment itself.

49. Defendants' failure to furnish wage statements also enabled Defendants to continue underpaying Plaintiff, week after week, for years.

**FIRST CAUSE OF ACTION**
**(FLSA: Unpaid Overtime)**

50. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

51. At all relevant times, Defendants were Plaintiff's employers, and Plaintiff was Defendants' employee, within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

52. The FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 per workweek.

53. Plaintiff was not exempt from the overtime requirements of the FLSA.

54. Defendants failed to pay Plaintiff overtime compensation for hours worked in excess of 40 per workweek.

55. Defendants' violations of the FLSA were willful. Defendants paid Plaintiff a flat cash salary for 54-hour workweeks for more than two decades, never paid him overtime, and never furnished him a wage statement. Defendants knew, or showed reckless disregard for whether, their conduct violated the FLSA.

56. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

57. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

58. As a result of Defendants' willful violations of the FLSA, Plaintiff has been denied overtime compensation in an amount to be determined at trial and is entitled to recover such amounts, an equal amount as liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(NYLL: Unpaid Overtime)**

59. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

60. Defendants are "employers" within the meaning of NYLL §§ 190(3) and 651(6) and the supporting New York State Department of Labor regulations, and Defendants employed Plaintiff.

61. NYLL Article 19, §§ 650 *et seq.*, and 12 N.Y.C.R.R. § 142-2.2 require employers to pay employees one and one-half times their regular rate of pay for hours worked in excess of 40 per workweek.

62. Plaintiff was not exempt from the overtime requirements of the NYLL. His salary fell below the minimum required for any salary-based exemption, and his duties were non-exempt.

63. Defendants failed to pay Plaintiff overtime compensation for hours worked in excess of 40 per workweek.

64. Through their knowing or intentional failure to pay Plaintiff overtime compensation, Defendants willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

65. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages equal to one hundred percent of the unpaid overtime, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs pursuant to NYLL §§ 198 and 663, for the six-year period provided by NYLL §§ 198(3) and 663(3).

## THIRD CAUSE OF ACTION
## (NYLL § 195(3): Failure to Provide Wage Statements)

66. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

67. Defendants willfully failed to furnish Plaintiff, with each payment of wages, a statement containing the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and telephone number of the employer; the rate or rates of pay and basis thereof; gross wages; deductions; allowances, if any; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

68. Through their knowing or intentional failure to furnish Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations.

69. As set forth above, Defendants' failure to furnish wage statements caused Plaintiff concrete injury, including the delayed discovery of his unpaid overtime and the prolonged loss of the use of wages owed to him.

70. Due to Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover from Defendants damages of $250 for each workday that the violations occurred, up to a maximum of $5,000, plus reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

A. Declaring that Defendants violated the overtime provisions of the FLSA and the supporting United States Department of Labor regulations;

B. Declaring that Defendants violated the overtime and wage statement provisions of the NYLL and the supporting New York State Department of Labor regulations;

C. Declaring that Defendants' violations of the FLSA were willful;

D. Declaring that Defendants' violations of the NYLL were willful;

E. Awarding Plaintiff damages for all unpaid overtime compensation under the FLSA and the NYLL;

F. Awarding Plaintiff liquidated damages in an amount equal to the unpaid overtime compensation found to be due, pursuant to the FLSA, 29 U.S.C. § 216(b), and the NYLL, §§ 198(1-a) and 663(1);

G. Awarding Plaintiff damages of up to $5,000 pursuant to NYLL § 198(1-d) for Defendants' violations of NYLL § 195(3);

H. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

I. Awarding Plaintiff prejudgment interest pursuant to N.Y. C.P.L.R. §§ 5001 and 5004 and post-judgment interest pursuant to 28 U.S.C. § 1961;

J. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, pursuant to NYLL §§ 198(4) and 663(4);

K. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663; and

L. Awarding such other and further relief as the Court deems just and proper.

RAYMOND NARDO, P.C.

Dated: Jericho, New York
October 28, 2026

RAYMOND NARDO, P.C.
*Counsel for Plaintiff*

By: RAYMOND NARDO
Raymond Nardo, Esq.
55 Jericho Turnpike, Suite 205
Jericho, NY 11753
(516) 248-2121
Nardo@Raynardo.com